IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON INTERNATIONAL, INC., | )<br>)<br>) |
|        Plaintiff and<br>       Counter-Claim Defendant,<br>-vs- | )<br>)<br>)<br>)  Civil Action No. 07-175 |
| CLARK-RELIANCE CORPORATION, | )<br>)<br>)<br>) |
|        Defendant and<br>       Counterclaimant. | )<br>) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Pending is Defendant's Motion for Judgment on the Pleadings. (Docket No. 27). Plaintiff has responded thereto. (Docket No. 31). After careful consideration of the same and for the reasons set forth below, the Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is denied.

Pursuant to Rule 12(c), a judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988), *quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In reviewing the grant of a

1

Rule 12(c) motion, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* I, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, No. 2006 WL 707474, *3 (3d Cir. 2006), *quoting Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

Defendant argues that Plaintiff's Complaint for breach of contract, breach of implied covenant of good faith and fair dealing, and for specific performance should be dismissed with prejudice and a judgment on the pleadings in favor of Defendant should be entered. (Docket No. 27, p. 1). Defendant further requests that I enter an order declaring: 1) that an October 6, 2006, offer to purchase executed by Plaintiff and Defendant did not constitute a binding agreement, 2) that the parties never reached any final agreement with respect to the sale of any Hydraulics Company of America ("HYCOA")[1] assets or with respect to a sales price, and 3) that Defendant is not liable to Plaintiff. *Id.* In response, Plaintiff asserts that Defendant relies on factual arguments and extrinsic evidence to make its case and that I may not consider the same when ruling on a motion for judgment on the pleadings. (Docket No. 31, p. 1). After a review of the Motion and Brief filed by Defendant, I agree with Plaintiff. *See,* Docket No. 27. Furthermore, viewing the pleadings in the light most favorable to Plaintiff, at this juncture of litigation there are material issues of fact regarding Plaintiff's claims. *Compare*, Docket Nos. 1 and 22, *with*, Docket No. 19. As such, Defendant is not entitled to a matter of law on these counts.

---

[1] HYCOA is a division of Defendant.

Consequently, a motion for judgment on the pleading is not warranted.

THEREFORE, this **17th** day of July, 2007, after careful consideration of Defendant's Motion for Judgment on the Pleadings (Docket No. 27), and the related submissions, it is ordered that said Motion (Docket No. 27) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge