# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brandon International, Inc. | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| -vs- | ) | 2:07-cv-0175 |
| | ) | |
| Clark-Reliance Corporation, | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) | |

AMBROSE, Chief District Judge.

## MEMORANDUM ORDER OF COURT

Plaintiff, Brandon International, Inc. ("Brandon") filed a motion *in limine* to preclude Defendant Clark-Reliance Corporation, ("Clark-Reliance"), from presenting any evidence or testimony regarding a fee dispute between Brandon and its expert, Mark Gleason, or the possible retention of a different economic expert.

Under the facts of this case, Brandon retained Mr. Gleason to provide expert advice concerning the calculation of damages in this breach of contract case. During the course of discovery and before the Plaintiff's pretrial statement was due, a dispute arose between Mr. Gleason and Brandon with respect to the payment of Mr. Gleason's expert fees. Counsel for Brandon notified this Court and Defendant that Brandon was considering the retention of a new expert. (See docket entry no 59). Ultimately, Brandon did not retain a new expert and presumably resolved its fee dispute with Mr. Gleason. Brandon filed Mr. Gleason's report with its pretrial statement (see docket entry no. 60) and Mr. Gleason's deposition was taken.

During Mr. Gleason's deposition, counsel for Clark-Reliance questioned Mr. Gleason about

1

the fee dispute he had with Brandon and inquired as to whether Mr. Gleason knew whether Brandon considered retaining a new expert. Mr. Gleason explained that a fee dispute had arisen, saying that Brandon had not timely paid his bill for services rendered, but he had no knowledge as to whether Brandon actually sought another expert. Brandon suggests that under F.R.E. 401 this testimonial evidence is not relevant.

Clark-Reliance counters by arguing that an expert's compensation is relevant and admissible at trial. I concur that inquiry into the amount of an expert's hourly or flat fee to serve as an expert for a party is admissible at time of trial and thus, Clark-Reliance will be permitted to ask Mr. Gleason how much he charged or is charging Brandon for his expert services.

However, Clark-Reliance further contends that it should also be able to present evidence of the fee dispute between Brandon and Mr. Gleason. Clark-Reliance suggests it is entitled to present testimony on this topic as evidence that: (1) Brandon pays or attempts to pay people less than they are due; (2) Brandon lacks a sincere belief that it has a sound lost profits claim; and/or (3) Mr. Gleason overcharged Brandon for his expert services. In support of this argument, Clark-Reliance relies on case law from district courts outside the Third Circuit.[1]

Based on the facts, legal arguments, and submissions by the parties, I find that F.R.E. 401 is controlling on this matter. Defendant will be permitted to inquire and obtain testimony from Mr. Gleason concerning the amount he charged Brandon to serve as Brandon's expert; however, any inquiry into the fee dispute that arose between Brandon and its expert has no bearing on the contract dispute that arose between Brandon and Clark-Reliance. Therefore, under F.R.E. 401, evidence

---

[1] Clark-Reliance does string cite one Eastern District of Pennsylvania case (*Boselli v. SEPTA*, 108 F.R.D. 723 (E.D. Pa. 1985)) but that case simply concerns discovery of an expert's fees and remuneration for testimony.

concerning the fee dispute will not be admitted since I do not find it to be relevant. In addition, I am precluding all evidence with respect to Brandon's potential plan(s) or actual attempt(s) to secure another expert as this evidence is speculative at best and is also not relevant under F.R.E. 401.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brandon International, Inc. | ) |
|     Plaintiff and Counterclaim Defendant, | ) |
| -vs- | ) 2:07-cv-0175 |
| Clark- Reliance Corporation, | ) |
|     Defendant and Counterclaimant. | ) |

## ORDER OF COURT

And now, this 17th day of October, 2008, for reasons set forth in the accompanying Opinion, the Plaintiff's motion *in limine* to preclude Defendant from presenting any evidence or testimony regarding a fee dispute between Plaintiff and its expert and/or the possible retention of a different expert [docket entry no. 65] is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge